White, J.
The unit of the chain or measure used by surveyors of land in this state is the standard yard furnished by the United States to this state, in accordance with a joint resolution of congress approved June 14, 1836. This standard yard measure is in charge of a superintendent of weights and measures, appointed by the governor, lieutenant governor, and secretary of state, or *350 any two of them, and holds his office during their pleasure. It is the duty of such superintendent to provide the cities and counties of the state with such standard, and to compare them with those in his possession as often as once in ten years. The supervisors of each county appoint a sealer of weights and measures, whose duty it is, among other things, to take charge of the county standards ; to seal and mark with a certain device all weights and measures compared by them. Surveyors are prohibited from giving evidence in a case like the one in hand urdess they shall make oath, if required, that the chains or measures used by them were conformable to the standards which were the standards of the state at the time such survey was made. While the defendant did not in terms require the surveyors produced by the plaintiff as witnesses on the trial of this case to make the oath prescribed by statute before being permitted to testify respecting the measurements made by them, the question of their competency to testify was fairly raised and ruled upon adversely to the defendant under his objection and exception. At the time the question was raised the trial was in progress, and its expense to the parties had been substantially all incurred. The plaintiff's surveyors, all but one, at any rate, testified that their chains or measures conformed to the United States standard, but refused to say that they were conformable to the standard of the state; in fact, they appeared to be ignorant of the fact that there was a state standard. No actual comparison with the United States standard was ever made by any of these witnesses, nor were any two of their .measures ever compared with each other. With considerable misgiving as to the competency of the evidence, it was admitted for two reasons: First, with the idea that perhaps authority might be found for the contention that, the unit of standard measure of the United States being the same as that of the state, the oath of the surveyors that their measures correspond to the United States standard would satisfy the requirement of the statute in that respect; and, second, if the verdict of the jury should be in favor of the defendant, the question as to the competency of the evidence would be eliminated from the case. From such an examination as I have been able to make, I can find no decision holding that the oath of the surveyor was a sufficient compliance with the statute, and on principle 1 am now satisfied that it was not. The statute plainly contemplates a comparison of the measure used by the surveyor with the standard of the county, to be certified to by the sealer of weights and measures in the manner pointed out in the statute. Experience and observation—indeed, the disagreements of the experts in this case—show that the art of land surveying, as practiced in this city, at any rate, is one which requires-to be hedged about with all possible safeguards for the protection of property owners. The law is intended to prevent the use of improper implements by surveyors, and to secure, as far as possible, accuracy in locating the lines and boundaries of streets and lands, to the end that when once established it may be reasonably apprehended they will thus remain for all time. The statute is specific as to the form of the oath which is necessary to qualify *351 these experts to testify. The oath in that form was not and could not be made. In my judgment, the importance of evidence given by experts of this class, and its possible consequences to-owners of land, makes it proper te prohibit its admission, except in strict compliance with the statute. Reflection has convinced me that the evidence complained of was improperly admitted. Neither party has, up to this time, been seriously prejudiced by its admission, because, as before stated, the expense connected with the trial had been substantially all incurred before the question was raised. The best time to correct an error is as soon as possible after it is discovered.
The verdict of the jury is therefore set aside, and a new trial is granted.
Motion granted.